UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CHRISTOPHER STARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:16-CV-156-TAV-MCLC |
| | ) | |
| ADVANCED CALL CENTER | ) | |
| TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on the parties' Joint Motion to Approve Parties' Settlement of Wage Claims and Dismissal With Prejudice [Doc. 18], and defendant's Unopposed Motion for Leave to File Document Under Seal [Doc. 19]. The parties move the Court to review and approve their confidential settlement agreement [Doc. 20] and to dismiss this action with prejudice. Defendant also moves the Court to seal the settlement agreement.

The settlement agreement resolves plaintiff's claims against defendant arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), and under a related state law breach of contract claim. The FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706 (1945). The circumstance applicable here occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b), the employee and employer present a

proposed settlement to the district court, and the district court reviews the proposed settlement, determines that it involves the resolution of a bona-fide dispute and is fair and reasonable, and enters it as a stipulated judgment. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933, at *5–6 (N.D. Ohio Mar. 8, 2010); *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

Here, the parties' settlement agreement contains a confidentiality clause and the parties submit that they "agree that it is appropriate and necessary to keep the terms of the settlement agreement confidential" [Doc. 18 p. 1; *see also* Doc. 20]. In addition to requesting that the Court approve the settlement agreement, defendant requests leave to file the settlement agreement under seal "in order to preserve the confidentiality of the settlement agreement" [Doc. 19 p. 1]. In support of its request, defendant submits that "the interest in preserving the confidentiality of the settlement agreement outweighs any conceivable need for transparency" [*Id.*].

The Court notes that "a judicially approved FLSA settlement agreement should not be filed under seal, except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to judicial documents." *Green v. Hepaco, LLC*, 2:13–CV–2496, 2014 WL 2624900, at *4 (W.D. Tenn. June 12, 2014) (quoting *Bouzzi v. F & J Pine Rest., LLC,* 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012)); *see also Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)

("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."). "The mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.'" *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-2239, 2014 WL 2959481, at *4 (W.D. Tenn. June 13, 2014) (quoting *Scott v. Memory Co., LLC*, No. 3:09-CV-290, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010)).

Other than conclusory assertions, the parties have not provided the Court with any argument or legal authority to support the inclusion of a confidentiality provision in their FLSA settlement agreement. In addition, the parties have not made a "substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to judicial documents." *Green*, 2014 WL 2624900, at *4.

The Court will, however, provide the parties with the opportunity to file supplemental briefs in support of their requests. The parties are **DIRECTED** to file a supplemental brief, either jointly or separately, that addresses the inclusion of a confidentiality provision in a FLSA settlement agreement, and further addresses whether the sealing of such an agreement is appropriate. In their supplemental briefing, the parties may also address other proposed options, such as proceeding to trial, filing the settlement agreement in the public record without the confidentiality provision, or other options that they wish the Court to consider. The parties **SHALL** file a supplemental brief addressing

these issues within **fourteen (14) days** of the entry of this order and the Court will **DEFER** consideration of the pending motions [Docs. 18, 19] until it reviews the supplemental filing(s).

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE